# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| BRENDALYN LANGDON, individually and on behalf of all others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>SERVICOM, LLC.</br></br>Defendant. | Case No. 17-cv-50185 |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Brendalyn Langdon, on behalf of herself and all other similarly situated current and former Customer Service Representatives who work or have worked at ServiCom, LLC since June 26, 2014. Plaintiff Brendalyn Langdon worked as an hourly, Customer Service Representative of Defendant ServiCom, LLC at times since March 2015. During that time, Defendant ServiCom, LLC paid Plaintiff Langdon and other hourly, Customer Service Representatives non-discretionary bonuses based on productivity goals. In addition, Defendant ServiCom, LLC failed to factor such bonuses into the regular rates of pay for Plaintiff Langdon and the putative class when they worked in excess of forty hours in a given workweek. As a result, Defendant ServiCom, LLC failed to properly compensate Plaintiff Langdon and the other hourly, Customer Service Representatives for all hours worked in excess of forty in a workweek at a rate of one and one-half times their respective regular

rates in violation of the Fair Labor Standards Act of 1938, as amended, ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 et seq.

2. Plaintiff Langdon brings this action, on behalf of herself and other similarly situated current and former hourly, Customer Service Representatives, as a collective action pursuant to 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23 for the purpose of obtaining relief under the FLSA and IMWL for unpaid overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated here under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), in the U.S. District Court for the Northern District – Western Division of Illinois because a substantial part of the events or omissions giving rise to the claims occurred in this district and Defendant ServiCom, LLC has substantial and systematic contacts in this district.

## PARTIES

6. Plaintiff Brendalyn Langdon ("Langdon") is an adult who resides in Winnebago County in the State of Illinois. Plaintiff Langdon's Notice of Consent to

Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is hereby made a part of this Complaint.

7. Plaintiff Langdon brings this action individually and on behalf of the FLSA Class pursuant to 29 U.S.C. § 216(b). The FLSA Class is defined as follows:

> All persons who are or have worked for Defendant ServiCom, LLC as hourly customer service representatives and who have received production-based bonuses at any time since June 26, 2014.

8. Plaintiff Langdon also brings claims for relief on her own and as a class action pursuant to Rule 23(a) and Rule 23(b). The class is defined as:

> All persons who are or have worked for Defendant ServiCom, LLC in the state of Illinois as hourly customer service representatives and who have received production-based bonuses at any time since June 26, 2014.

9. Defendant ServiCom, LLC ("ServiCom") is a foreign Limited Liability Company with its principal place of business located in Warren, New Jersey. Since June 26, 2014, ServiCom has operated locations in Machesney Park and Rockford, Illinois.

10. ServiCom's registered agent for service of process in the State of Illinois is National Corporate Research located in Springfield, Illinois.

**GENERAL ALLEGATIONS**

11. Since June 26, 2014, ServiCom has provided customer service and technical support for contracted third party products, such as SiriusXM Radio and Comcast/Xfinity, at its two Illinois locations.

12. At times since June 26, 2014, Plaintiff Langdon and the FLSA Class members have worked as customer and technical support representatives

("Customer Service Representatives") at ServiCom's Machesney Park and Rockford, Illinois locations.

13. During their respective employments as Customer Service Representatives with ServiCom since June 26, 2014, Plaintiff Langdon and the FLSA and Rule 23 Class members have had the primary job duty of answering phone calls to provide customer and/or technical support to customers of their third-party contractors, such as Sirius XM Radio and Comcast/Xfinity.

14. Plaintiff Langdon was paid an hourly rate of approximately $8.25 to $11.00 per hour plus non-discretionary bonuses during her employment as a Customer Service Representative with ServiCom since June 26, 2014.

15. The FLSA and Rule 23 Class members were paid hourly rates of approximately $8.25 to $11.00 per hour plus non-discretionary bonuses during their employments as Customer Service Representatives with ServiCom since June 26, 2014.

16. During the course of their respective employments with ServiCom since June 26, 2014, ServiCom has suffered or permitted Plaintiff Langdon, and the FLSA and Rule 23 Class members to work in excess of forty hours in given workweeks performing their duties as Customer Service Representatives.

17. At times since June 26, 2014, ServiCom has provided Plaintiff Langdon, and the FLSA and Rule 23 Class members with non-discretionary bonuses based on meeting productivity goals set by ServiCom.

18. Since June 26, 2014, ServiCom's uniform policy and practice has been to exclude the amounts of such non-discretionary bonuses from the respective regular rates of Plaintiff Langdon and the FLSA and Rule 23 Class members for purposes of paying overtime compensation.

19. As a result of ServiCom's uniform practice of failing to include non-discretionary bonuses into Plaintiff Langdon and the FLSA and Rule 23 Class members' regular rates, ServiCom has failed to compensate Plaintiff Langdon and the FLSA and Rules 23 Classes at one and one-half times their respective regular rates for all hours worked in excess of forty in given workweeks since June 26, 2014.

20. ServiCom's conduct as described herein was willful and has caused significant damages to Plaintiff Langdon and the FLSA and Rule 23 Class members.

## **COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff Langdon and the FLSA Class that she brings this action on behalf of, are and have been similarly-situated, have and have had substantially similar pay provisions, and are and have been subject to ServiCom's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty in a workweek at one and one-half times their respective regular rates. The claims of Plaintiff Langdon as stated herein are the same as those of the FLSA Class she seeks to represent.

22. Plaintiff Langdon and the FLSA Class seek relief on a collective basis and challenge ServiCom's policies and practices, as stated herein, which have led to FLSA overtime wage violations since June 26, 2014.

23. As a result of the above alleged uniform pay practices and policies, ServiCom has failed to pay Plaintiff Langdon and the FLSA Class the mandated overtime wages for all hours worked over forty in a workweek since June 26, 2014 in violation of the FLSA.

24. The FLSA Class members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from ServiCom. Notice can be provided to the FLSA Class via first class mail to the last address known to ServiCom and through posting at ServiCom's facilities in areas where postings are normally made.

## CLASS ACTION ALLEGATIONS

25. This action is properly maintainable as a class action because:
    a) The class is so numerous that joinder of all members is impracticable;
    b) There are questions of law or fact that are common to the class;
    c) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
    d) The Representative Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

26. On information and belief, the total number of putative class members represents at least 50 individuals. The exact number of class members may be determined from Defendant's records.

### Commonality

27. There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

   a) Whether Plaintiff and the Class members were all paid an hourly rate;

   b) Whether Plaintiff and the Class members were all paid non-discretionary bonuses;

   c) Whether Plaintiff and the Class members worked in excess of 40 hours per week;

   d) Whether Defendant maintained common timekeeping and payroll systems and policies with respect to Plaintiff and the Class members, regardless of their job title or location;

   e) Whether Defendant had a uniform policy and practice to exclude the amounts of non-discretionary bonuses from the respective regular rates of Plaintiff and the FLSA and Rule 23 Class members;

   f) Whether Defendant failed to pay Plaintiff and the Class members, an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

   g) Whether Defendant failed to pay Plaintiff and class members all compensation rightfully owed.

28. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

### **Adequacy**

29. Plaintiff, Langdon, will fairly and adequately protect the interests of the FLSA and Rule 23 Classes. Plaintiff has retained experienced counsel who are competent in the prosecution of complex litigation and who have experience acting as class counsel specifically in wage and hour litigation.

### **Typicality**

30. The claims asserted by Plaintiff, Langdon, are typical of the class members she seeks to represent. The Representative Plaintiff has the same interests and suffers from the same injuries as the class members.

31. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can opt out of this action pursuant to Rule 23.

### **Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

32. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because Defendant's alleged underlying activities and impact of their policies and practices

affected class members in the same manner: they were subjected to a policy of suffering overtime work without the proper overtime pay.

33. A class action is superior to other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938 as Amended**

34. Plaintiff Langdon, individually and behalf of the FLSA Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

35. Since June 26, 2014, Plaintiff Langdon and the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.* at all time while working for ServiCom.

36. Since June 26, 2014, ServiCom has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

37. At all times while working for ServiCom since June 26, 2014, Plaintiff Langdon and the FLSA Class members have been employees within the meaning of 29 U.S.C. § 203(e).

38. Since June 26, 2014, ServiCom has been an employer of Plaintiff Langdon and the FLSA Class members as provided under 29 U.S.C. § 203(d).

39. As a result of the above-alleged practices, ServiCom violated the FLSA, 29 U.S.C. §§ 207 *et seq.*, by failing to account for and compensate Plaintiff Langdon and the FLSA Class at one and one-half times their regular rates for hours worked in excess of forty in a workweek since June 26, 2014.

40. Plaintiff Langdon and the FLSA Class are entitled to damages equal to the mandated overtime rate of one and one-half times their regular rates since June 26, 2014, plus periods of equitable tolling because ServiCom acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

41. ServiCom's failure to properly compensate Plaintiff Langdon and the FLSA Class was willfully perpetrated and Plaintiff Langdon and the FLSA Class are therefore entitled to recover unpaid wages dating back to June 26, 2014.

42. Plaintiff Langdon and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Plaintiff Langdon and the FLSA Class are not entitled to liquidated damages, Plaintiff Langdon and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

44. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Langdon and the FLSA class are entitled to reimbursement of the costs and attorneys' fees incurred in successfully prosecuting an action for unpaid overtime wages.

### SECOND CLAIM FOR RELIEF
### Violations of the Illinois Minimum Wage Law

45. Plaintiff Langdon, individually and behalf of the Rule 23 Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

46. Plaintiff is a member of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23.

47. Defendant is an "employer" and Plaintiff and class members are "employees" under Illinois Minimum Wage Law ("IMWL"), 820 ILCS §§105 et seq.

48. The IMWL, 820 ILCS §§105 et seq., requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) of the IMWL requires employers to pay employees one and one-half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 of the IMWL provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

49. As a result of the above-alleged practices, ServiCom violated the IMWL, 820 ILCS §§105 et seq., by failing to account for and compensate Plaintiff Langdon and the Rule 23 Class at one and one-half times their regular rates for hours worked in excess of forty in a workweek since June 26, 2014.

50. Throughout the relevant period, Defendant violated the IMWL by routinely suffering or permitting Plaintiff and the Class members to work overtime hours per week without paying them the proper overtime wages for these hours.

51. Throughout the relevant period, Plaintiff and the Class members worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

52. Plaintiff and the Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit. Defendant also failed to pay the proper overtime pay and other benefits to Plaintiffs and class members.

53. Plaintiff and class members are also entitled to injunctive relief to prevent Defendant from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Langdon, individually on the behalf of all members of the FLSA Class, hereby requests the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this case as a class action pursuant to Rule 23;

c) An order appointing Hawks Quindel, S.C. and Stephan Zouras, LLP as class counsel for the FLSA Class;

d) An order designating Plaintiff Langdon as the Named Plaintiff and representative of the FLSA Class set forth herein;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) An order finding that ServiCom violated the FLSA's overtime provisions;

g) An order finding that these violations were willful, dilatory, and unjust;

h) An order finding that ServiCom violated the IMWL's overtime provisions;

i) Judgment against ServiCom in the amount equal to Plaintiff Langdon's and the FLSA and Rule 23 Class members' unpaid wages at the applicable overtime rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under the FLSA;

k) An award of 2% per month interest on all overtime compensation due the Rule 23 class accruing from the date such amounts were due until it is paid;

l) An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

m) Such further relief as the Court deems just and equitable.

Dated this 26BRE day of June, 2017.

Respectfully submitted,

**_s/ Ryan F. Stephan_**
Ryan F. Stephan
Bar Number 6273101
Stephan Zouras, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233-1550
Fax:         (312) 233-1560
Email:      rstephan@stephanzouras.com


**_s/ Summer H. Murshid_**
*Summer Murshid
Bar Number 1075404
*Larry A. Johnson
Bar Number 1056619
*Timothy Maynard
Bar Number 1080953
Attorneys for Plaintiffs

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: (414) 271-8650
Fax:          (414) 271-8442
E-mail:     smurshid@hq-law.com
                ljohnson@hq-law.com
                tmaynard@hq-law.com

*_pro hac vice Illinois application pending_


_s/_____
Brian H. Mahany

**Mahany Law**
P.O. Box 511328
Milwaukee, WI 53202
Telephone: (414) 258-2375
Fax:          (414) 777-0776
Email:      brian@mahanylaw.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 26, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

                                                                               */s/ Ryan F. Stephan*