IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Brendalyn Langdon,<br>individually and on behalf of<br>all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ServiCom, LLC,<br><br>    Defendant. | Case No. 17 CV 50185<br><br>Magistrate Judge Iain D. Johnston |

## REPORT AND RECOMMENDATION

  Before the Court is the parties' joint motion for approval of a Fair Labor Standards Act ("FLSA") collective action settlement agreement [43] ("Motion"). The proposed settlement agreement is attached as an Exhibit [43-1], along with the settlement allocation [43-2] and releases from the opt-in Plaintiffs [43-3].

  Plaintiff, Brendalyn Langdon, initially brought this action on behalf of himself and all other similarly situated, as both a collective action and a class action, against Defendant, ServiCom, LLC alleging violations of the FLSA, 29 U.S.C. § 201 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"). Pursuant to the settlement before the Court, Brendalyn Langdon along with 15 opt-in Plaintiffs are now proceeding as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and under the IMWL.[1]

  On April 19, 2018, the Court held a hearing on the parties' Motion to approve the settlement. Based on the Motion, the parties' settlement agreement, the attached exhibits and the representations of counsel at the hearing, the Court finds that counsel for the parties conducted a thorough investigation into this matter, including reviewing the relevant timekeeping and payroll records. Based on this investigation, counsel, who were experienced in these types of matters, were able to

---

[1] The Court finds that named Plaintiff, Brendalyn Langdon, is similarly situated to all fifteen opt-in plaintiffs, La'Trese Lottie, Matthew Hawkins, Patrick Harris, Emma Reeves, Charles Barron, Shatieriny Gatlin, Cynthia Ducksworth, Zacariah McLean, Guadalupe Rodriguez, Michael McBryde, Cassandra Worley, Brandy Washington, Athena Gospodarek, Trianna Moore and Andria Crout, because they all worked as customer service representatives for Defendant and have claims for unpaid overtime wages arising out of Defendant's failure to include non-discretionary bonuses and shift premiums in their regular rates of pay when they worked in excess of 40 hours in a given workweek.

negotiate at arm's length to reach a reasonable compromise regarding damage amounts to resolve Plaintiffs' claims. The parties assert that Plaintiffs' will receive nearly 90% of Defendants' calculations of Plaintiffs' potential unpaid wages and liquidated damages.

Based on the foregoing, the Court finds that the parties' settlement is a fair, just and reasonable resolution of a bona fide dispute and not the product of collusion. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (finding that the FLSA bars the parties from establishing "sub-minimum wages"); *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) (requiring court approval of FLSA settlement to determine whether it represents "a fair and reasonable resolution of a bona fide dispute"). The Court further finds the service payment to the named Plaintiff to be fair and reasonable. Accordingly, it is this Court's Report and Recommendation that the parties' joint Motion [43] be granted. Any objection to this Report and Recommendation shall be filed by May 9, 2018. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

Moreover, pursuant to the parties' agreement that Defendant will also pay Plaintiffs' reasonable attorneys' fees and costs, briefing will proceed as follows: Plaintiffs' counsel shall produce all information provided in Local Rule 54.3(d)(1)-(3) by April 27, 2018; Defendant's counsel shall produce the information provided in Local Rule 54.3(d)(5) by May 18, 2018; the parties shall identify any agreement or objections based on the information provided by June 1, 2018; if any matters remain in dispute, the parties shall prepare a joint statement under Local Rule 54.3(e) by July 2, 2018; by July 16, 2018, Plaintiffs shall file any motion for an award of attorneys' fees and costs with the parties' joint statement attached, or the parties' shall file a joint motion for an award of Plaintiffs' attorneys' fees and costs.

Dated: April 25, 2018     By: _____
Iain D. Johnston
United States Magistrate Judge